SPENCER B. HOPKINS, Trustee vs. AMELIA H. B. CURTIS, et al.

APRIL 21, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  Equity.  Bill for Construction of Will.

A bill in equity for construction of a will or trust deed or for instructions is not certified from the superior court for entry of final decree but as a cause which is ready for hearing for final decree, and at the hearing all persons interested are entitled to be heard; and after determination of the questions the cause is again remanded to the superior court for entry of final decree.

(2)  Equity.  Death of Party After Certification of Cause.

Where one of the parties to a bill for construction of a will died after certification of the cause and before hearing, which was unknown at the time of the hearing, by reason of this fact, the interest in the estate which had been in deceased was unrepresented at the hearing, and an opportunity to be heard must be given them and the court will not enter a decree nunc pro tunc, as of a day during the lifetime of deceased and before that of the hearing.

(3)  Equity.  Death of Party After Certification and Hearing.

A different rule applies however where a party dies after hearing or becomes non compos thereafter, for having been represented at the hearing it is not necessary that there be a revival of the suit nor that the personal representative or guardian be summoned in.

BILL IN EQUITY for construction of will. Heard on motion to enter decree nunc pro tunc and denied.

SWEETLAND, C. J.  The above entitled cause is now before us upon the application of the complainant that we order the entry in the Superior Court of a decree nunc pro tunc.

The cause is a bill in equity brought by the complainant, as trustee under the will of James Barnes, asking for the construction of said will and for instructions relative thereto. The cause being in the Superior Court ready for hearing for final decree was certified to this court for determination in accordance with Section 35, Chapter 289, General Laws, 1909. On February 9, 1920, the cause was heard by this court on bill, answers and proofs. On March 5, 1920, the opinion of this court was filed and the parties were directed

to present a form of decree in accordance with said opinion to be entered in the Superior Court. On March 26, 1920, the complainant established by affidavit filed that on February 8, 1920, before the hearing in the cause, the respondent Henrietta E. B. Foster had died; that after said hearing and before the handing down of said opinion the respondent Robert B. Strong had been adjudged insane on February 17, 1920; and the respondent Amelia H. B. Curtis had died on February 22, 1920. The complainant then moved that a decree be ordered to be entered in the Superior Court in accordance with said opinion as of February 6, 1920, which day was before the death of the respondent Mrs. Foster, before the day of hearing in this court and before the date of the certification of the cause to this court.

It appears that at the time of the hearing of said cause the death of Mrs. Foster was not known to the solicitors before us. If at or before said hearing the death of Mrs. Foster had been suggested to the court we should have continued the cause in order that the personal representative of Mrs. Foster might have an opportunity to enter his appearance. If by reason of the death of Mrs. Foster, the rights had intervened of any person whose interest would not be represented by the personal representative of Mrs. Foster we should have ordered such person to be made a party to the cause. In his brief in support of his motion (1) the complainant does not correctly set forth the status of a bill for the construction of a will or trust deed or for instructions relative thereto certified to this court in accordance with the statute. Such bill in equity is not certified to this court for the entry of final decree as the complainant states, but as a cause which is ready for hearing for final decree. When in the Superior Court the pleadings have been closed and the evidence taken, such cause is certified here for the determination of the controverted questions of fact and of law. At the hearing preliminary to such determination all persons interested in those questions are entitled to be heard. When such determination has been

made the cause is again remanded to the Superior Court for the entry of final decree in accordance with such determination. In this case Mrs. Foster died after certification and before hearing. One of the issues, if not the main issue, raised in the cause related to the quantum of interest of Mrs. Foster in the trust estate. It was urged by one of the beneficiaries that Mrs. Foster's share amounted to but five twenty-fourths of said estate, while it was the contention of Mrs. Foster that her interest was eleven twenty-fourths. By reason of her death the interest in the trust estate which had been in Mrs. Foster was not represented at said hearing. In such circumstances a fundamental principle of judicial procedure would prevent the entry of a decree which should attempt to bind those who might be entitled to claim under her. An opportunity to be heard must be given to them or to some one legally qualified to represent them in order to conclude their rights. The complainant would shut off such rights by the entry of a decree as of a day during the lifetime of Mrs. Foster and before that of the hearing. There is no authority worthy to be followed which would justify the entry of such a decree. We do not at this time have in mind circumstances in which a decree *nunc pro tunc* might properly be entered as of a day prior to that of hearing when the rights of the parties are submitted to the court. *Hazard v. Durant*, 14 R. I. 25.

(2)

As to the interests of Amelia H. B. Curtis and Robert B. Strong a different situation is presented from that as to the interest of Mrs. Foster. At the time of the hearing before us Miss Curtis was alive and Mr. Strong was *corpus mentis.* They were each represented by counsel who took part in the hearing. While the cause was under advisement Miss Curtis died and the incapacity of Mr. Strong arose. In such circumstances it is not necessary that there be a revival of the suit nor that the personal representative of Miss Curtis or those claiming under her be summoned in, nor that a guardian *ad litem* be appointed for said Robert B. Strong. The interests of the respondents Curtis and Strong

(3)

as they existed at the time of the hearing will be fully protected by a decree entered as of that date.

It is represented to us by counsel for the complainant that Joseph W. D. Foster has been duly appointed as executor of the last will and testament of said Henrietta E. B. Foster and that said Joseph W. D. Foster is willing to consent to the entry of a decree in accordance with said opinion of this court. It further appears that whether the vested interest of Mrs. Foster in said estate at the time of her death amounted to five twenty-fourths thereof, or eleven twenty-fourths as Mrs. Foster claimed, such vested interest may be fully represented here by her executor.

In accordance with the foregoing opinion we deny the complainant's motion that a decree be entered as of February 6, 1920. We further determine that if the said Joseph W. D. Foster shall furnish proof that he has qualified as executor of Henrietta E. B. Foster, enters his appearance in the cause as such executor, and files his written consent that a decree may be ordered to be entered in accordance with the opinion of this court, then an order may be entered remanding the cause to the Superior Court with direction to enter as of February 9, 1920, a form of decree in accordance with said opinion.

*Mendell W. Crane*, for complainant.

*Edward M. Sullivan, John J. Sullivan*, for Amelia H. B. Curtis.

*Thomas A. Barry*, for other respondents.